MICHAEL S. WARD #178648
MARK A. DELGADO #215618
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: mward@fablaw.com
       mdelgado@fablaw.com

EDWARD NOONAN (Admitted Pro Hac Vice)
MARK A. JOHNSTON (Admitted Pro Hac Vice)
SARAH SHYR (Admitted Pro Hac Vice)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC 20006
Telephone: (202) 659-6600
Facsimile: (202) 659-6699
Email: enoonan@eckertseamans.com
       mjohnston@eckertseamans.com
       sshyr@eckertseamans.com

Attorneys for PLAINTIFF AND
COUNTERDEFENDANT LECG, LLC

DEAN A. DICKIE (Admitted Pro Hac Vice)
KATHLEEN E. KOPPENHOEFER (Admitted Pro Hac Vice)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4288
Email: Dickie@millercanfield.com
       Koppenhoefer@millercanfield.com

GEORGE L. HAMPTON IV #144433
COLIN C. HOLLEY #191999
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, CA 92625
Telephone: (949) 718-4550
Facsimile: (949) 718-4580
Email: ghampton@hamptonholley.com
       choley@hamptonholley.com

Attorneys for DEFENDANT AND
COUNTERCLAIMANT SANJAY UNNI

1

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL
INFORMATION / CASE NO. CV 13-00639 EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| LECG, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>SANJAY UNNI, an Individual,<br><br>    Defendant. | Case No.: CV 13-00639 EMC<br><br>STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL INFORMATION |
| SANJAY UNNI, an Individual,<br><br>    Counterclaimant,<br><br>  vs.<br><br>LECG, LLC, a California Limited Liability Company,<br><br>    Counterdefendant. | |

WHEREAS, the plaintiff and counterdefendant LECG, LLC, a California limited liability company ("LECG"), and the defendant and counterclaimant Sanjay Unni, an Individual, ("Unni"), are parties to the above-captioned litigation (the "Litigation");

WHEREAS, LECG and Unni (collectively, the "Parties") expect that the Litigation may involve the production, service or filing of certain information and documents that a Party or a third party believes is confidential and contains sensitive personal, commercial, proprietary, financial, business information or trade secrets;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to the approval of the Court, that the following Stipulation and [Proposed] Order for Production, Exchange and Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, served or filed in connection with the Litigation ("Litigation Material"). The Parties further acknowledge and agree, as set forth in Section 6 below, that this Stipulation and Order creates no entitlement to file Confidential Information

under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

1. Any Party or third party producing, serving, or filing Litigation Material in the Litigation (a "Producing Party") may designate such Litigation Material as "Confidential" if the Producing Party believes in good faith that such Litigation Material contains or reflects non-public confidential, personal, financial, proprietary, commercially sensitive information or trade secrets (all such designated material being referred to as "Confidential Material").  All information derived from Confidential Material, including but not limited to extracts, summaries and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Stipulation and Order.

2. The designation of Litigation Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

    a. In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Material or by affixing the legend "Confidential" to any disk of documents containing Confidential Material (whereby all documents on the disk will be presumed to be Confidential); provided, however, that if a Producing Party inadvertently produces Litigation Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Litigation Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Litigation Material promptly after discovering that the information was inadvertently produced without being marked "Confidential", with the effect that such Litigation Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential Material; the Receiving Party shall incur no liability for any failure to treat Confidential Material as such prior to said Litigation Material being designated as Confidential.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

3. Confidential Material may be provided only to counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed only to the following persons:

a. Plaintiff /Counterdefendant and their present officers, directors and employees;

b. Defendant/Counterclaimant and their present officers, directors and employees;

c. Counsel of record to the Parties in the Litigation, and the legal associates, paralegals and clerical or other support staff who are employed by such counsel or its client and are actually involved in assisting in the litigation;

d. The author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Material, and their counsel;

e. Experts, consultants, or investigators and their staff (collectively, "Experts") retained or consulted by counsel for the Parties to assist in the preparation of the Litigation, in accordance with the terms of Paragraph 5 below;

f. Witnesses testifying under subpoena or by notice;

      g.      Court reporters, including stenographers and video technicians, transcribing proceedings in the Litigation;

      h.      Other persons to whom the Court specifically allows disclosure, after written application by the Party seeking such disclosure and an opportunity to reply by the Producing Party or Parties;

      i.      Any court of competent jurisdiction before which the Litigation is pending;

      j.      Any mediator agreed upon by the Parties, and such mediator's employees and staff; and

      k.      Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

4.      Every person given access to Confidential Material or information contained therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5.      Confidential Material may be provided to persons listed in paragraph 3(e) above to the extent necessary for such expert, consultant or investigator to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert, consultant or investigator is using said Confidential Material solely in connection with this Litigation and provided further that such expert, consultant or investigator signs an undertaking in the form attached as Exhibit A hereto.  The original of each such signed undertaking shall be maintained by the counsel providing the Confidential Material to such expert, consultant or investigator.

6.      In the event that counsel for any Party determines to file with the Court any Confidential Material, counsel shall file and serve an Administrative Motion to File Under Seal

5

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL INFORMATION / CASE NO. CV 13-00639 EMC

1  pursuant to Civil Local Rule 79-5, and shall follow all of the applicable procedures set forth in
2  that Local Rule. Where any Party determines to file Confidential Material that has been
3  designated confidential by another Party, the procedures set forth in Civil Local Rule 79-5(d)
4  shall apply.  Documents shall be filed under seal only after issuance of a specific order by the
5  Court, for good cause shown.

6        7.      All Confidential Material and any documents or information derived therefrom,
7  shall be used solely for purposes of the Litigation and may not be used for any other purpose
8  whatsoever, including but not limited to any business or commercial purpose, for dissemination
9  to the media or the public, or in connection with any other judicial, administrative or arbitral
10 proceeding.  Any Confidential Material may be used in any proceeding in the Litigation,
11 including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in
12 open court or on appeal, without violation of this Stipulation and Order, but Confidential
13 Material shall not lose its status as Confidential Material through such use.  Nothing in this
14 Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective
15 order from the Court, should that Party seek to maintain the confidentiality of material used in
16 open court.

17       8.      Entering into or agreeing to this Stipulation and Order, and/or producing or
18 receiving Confidential Material or otherwise complying with the terms of this Stipulation and
19 Order, shall not:  (i) operate as an admission by the receiving Party that any particular Litigation
20 Material designated as Confidential by the Producing Party is appropriately designated as such;
21 (ii) prejudice in any way the rights of any Party to object to the production of documents or
22 information it considers not subject to discovery or to object to the authenticity or admissibility
23 into evidence of any document, testimony or other evidence subject to this Stipulation and
24 Order; (iii) prejudice in any way the rights of a Party to petition the Court for a further
25 protective order relating to any purportedly Confidential Material; or (iv) prevent the Parties
26 from agreeing to alter or waive the provisions or protections provided for herein with respect to
27 any particular Litigation Material.
28       9.      Any Party to this Stipulation may object to the designation by a Producing Party

6

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL INFORMATION / CASE NO. CV 13-00639 EMC

1  of any information or material as Confidential Material by serving a written objection upon the
2  opposing Party.  The Parties shall then attempt to resolve by agreement the question whether the
3  document or information is entitled to confidential treatment.  If the Parties are unsuccessful at
4  reaching an agreement within fourteen (14) days of the written objection, nothing in this
5  Stipulation shall preclude a Party from seeking judicial intervention to resolve the dispute.

6       10.    The provisions of this Stipulation and Order shall, absent written permission of
7  the Producing Party or further order of the Court, continue to be binding throughout and after
8  the conclusion of the Litigation.  Within 60 business days after receiving notice of entry of an
9  order, judgment or decree finally ending the Litigation, including without limitation any appeals
10 therefrom, all persons having received Confidential Material shall either make a good faith
11 effort to return such material and all copies thereof (including summaries and excerpts) to
12 counsel for the Producing Party of such Confidential Material or destroy all such Confidential
13 Material and certify that fact to counsel for the Producing Party.  Outside counsel for the Parties
14 shall be entitled to retain court papers, deposition and trial transcripts and attorney work product
15 (including discovery material containing Confidential Material); provided, however, that such
16 outside counsel, and employees of such outside counsel, shall maintain the confidentiality
17 thereof pursuant to the terms of this Stipulation and Order.

18       11.    If a Party to this Stipulation receives a subpoena or other form of judicial process
19 compelling disclosure of Confidential Material, the Party shall, at least fourteen (14) days prior
20 to the demanded disclosure, provide counsel for the Producing Party written notice by facsimile
21 transmission or hand delivery of the subpoena or other form of judicial process calling for the
22 disclosure of Confidential Material.  If written notice cannot be provided at least fourteen (14)
23 days prior to the time for production or other disclosure, the Party shall, in addition, give notice
24 to counsel for the Producing Party by telephone as soon as is reasonably practicable.  In no
25 event shall production or disclosure be made before such written or telephonic notice is given to
26 counsel for the Producing Party.  The purpose of this paragraph is to give the Producing Party
27 an opportunity to object to the production or disclosure of Confidential Material pursuant to
28 compulsory process.

7

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL
INFORMATION / CASE NO. CV 13-00639 EMC

1      12.     Nothing in this Stipulation shall prevent any Producing Party from using or disclosing its own documents or information.  In addition, nothing in this Stipulation shall be construed in any way to control the use by a Party to this Stipulation of documents or information received at any time by that Party outside the course of the discovery process in this litigation.

       13.     The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, or an alternative thereto which is satisfactory to the Parties and the Court, and any violation of the terms of this Stipulation and Order while entry by the Court is pending shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.  Any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

Dated: August 29, 2013            FITZGERALD ABBOTT & BEARDSLEY LLP

                                  By      /s/ Michael S. Ward
                                          Michael S. Ward
                                          Attorneys for PLAINTIFF AND
                                          COUNTERDEFENDANT LECG, LLC

Dated: August 29, 2013            ECKERT SEAMANS CHERIN & MELLOTT, LLC

                                  By      /s/ Edward Noonan
                                          Edward Noonan
                                          Attorneys for PLAINTIFF AND
                                          COUNTERDEFENDANT LECG, LLC

Dated: August 29, 2013            HAMPTONHOLLEY LLP

                                  By      /s/ George L. Hampton IV
                                          George L. Hampton IV
                                          Attorneys for DEFENDANT AND
                                          COUNTERCLAIMANT SANJAY UNNI

Dated: August 29, 2013            MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                                  By      /s/ Dean A. Dickie
                                          Dean A. Dickie
                                          Attorneys for DEFENDANT AND
                                          COUNTERCLAIMANT SANJAY UNNI

/ / /

/ / /

1  / / /
2  / / /
3  / / /

4  **ORDER**

5  The above STIPULATION AND PROPOSED ORDER FOR PRODUCTION,
6  EXCHANGE AND FILING OF CONFIDENTIAL INFORMATION is approved for this case
7  and shall govern the handling of documents, depositions, deposition exhibits, interrogatory
8  responses, admissions and any other information or material produced, served or filed in
9  connection with the Litigation.
10 IT IS SO ORDERED.

12 Dated: ~~August~~ 9/5 ____, 2013

13 Judge Edward M. Chen
   U.S. District Court, Northern District of California

   APPROVED
   Judge Edward M. Chen

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is

_____

_____.

I hereby acknowledge that I may receive information designated as "Confidential" in connection with the matter of *LECG, LLC v. Sanjay Unni*, Case No. CV 13-00639 EMC, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Stipulation and Order for Production, Exchange, and Filing of Confidential Information entered by the Court in this case on _____; that I have been given a copy of and have read said Stipulation and Order; that I am familiar with the terms thereof; that I agree to comply with, and to be bound by the terms thereof; that I agree to hold in confidence any information divulged to me pursuant to the terms of said Stipulation and Order; and, to effectuate my compliance with said Stipulation and Order, I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing compliance with said Stipulation and Order.

I understand that I am to retain all copies of any of the materials that I receive which have been designated as "Confidential" or in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until have I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Stipulation and Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by said Stipulation and Order. I further agree to notify any stenographic or clerical personnel who are

1  required to assist me of the terms thereof.

2      I declare under penalty of perjury that the foregoing is true and correct.

3      Date: _____

4      Signed: _____

5      _____

6                  (name typed or printed)

2

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF CONFIDENTIAL INFORMATION / CASE NO. CV 13-00639 EMC