MICHAEL S. WARD #178648
MARK A. DELGADO #215618
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: mward@fablaw.com
       mdelgado@fablaw.com

EDWARD NOONAN (Admitted Pro Hac Vice)
MARK A. JOHNSTON (Admitted Pro Hac Vice)
SARAH SHYR (Admitted Pro Hac Vice)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC 20006
Telephone: (202) 659-6600
Facsimile: (202) 659-6699
Email: enoonan@eckertseamans.com
       mjohnston@eckertseamans.com
       sshyr@eckertseamans.com

Attorneys for PLAINTIFF AND
COUNTERDEFENDANT LECG,LLC

DEAN A. DICKIE (Admitted Pro Hac Vice)
KATHLEEN E. KOPPENHOEFER (Admitted Pro Hac Vice)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, IL 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4288
Email: Dickie@millercanfield.com
       Koppenhoefer@millercanfield.com

GEORGE L. HAMPTON IV #144433
COLIN C. HOLLEY #191999
HAMPTON HOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625
Telephone: (949) 718-4550
Facsimile: (949) 718-4580
Email: ghampton@hamptonholley.com
       choley@hamptonholley.com

Attorneys for DEFENDANT AND
COUNTERCLAIMANT SANJAY UNNI

/ / /

1

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING
OF HIGHLY CONFIDENTIAL INFORMATION / CASE NO. CV 13-00639 EMC

1/8/14 (28147) #546999.1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| LECG, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SANJAY UNNI, an Individual,<br><br>　　　　　Defendant. | Case No.: CV 13-00639 EMC<br><br>**STIPULATION AND [PR~~OPO~~SED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF HIGHLY CONFIDENTIAL INFORMATION** |
| SANJAY UNNI, an Individual,<br><br>　　　　　Counterclaimant,<br><br>　vs.<br><br>LECG, LLC, a California Limited Liability Company,<br><br>　　　　　Counterdefendant. | |

　　　WHEREAS, the plaintiff and counterdefendant LECG, LLC, a California limited liability company ("LECG"), and the defendant and counterclaimant Sanjay Unni, an Individual, ("Unni"), are parties to the above-captioned litigation (the "Litigation");

　　　WHEREAS, LECG and Unni (collectively, the "Parties") filed and the Court approved the Parties' Stipulation for Production, Exchange and Filing of Confidential Information on September 5, 2013;

　　　WHEREAS, the Parties and non-party Berkeley Research Group ("BRG") agreed to a Confidentiality Stipulation ("BRG Stipulation") whereby materials produced, served, or filed by BRG in this case could be designated as "Confidential" or "Highly Confidential"; and

　　　WHEREAS, Unni served non-party Deloitte & Touche LLP ("Deloitte") with two subpoenas ("Deloitte Subpoenas"), in or around September 2013 and January 2014, seeking the production of confidential, tax-related documents of LECG.

1    IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to
2 the approval of the Court, that the following Stipulation and [Proposed] Order for Production,
3 Exchange and Filing of Highly Confidential Information (the "Deloitte Stipulation and Order")
4 shall govern the handling of documents, depositions, deposition exhibits, and any other
5 information or material produced, served or filed in connection with the Deloitte Subpoenas
6 ("Highly Confidential Information").  The Parties further acknowledge and agree, as set forth in
7 Section 6 below, that the Deloitte Stipulation and Order creates no entitlement to file Highly
8 Confidential Information under seal; Civil Local Rule 79-5 sets forth the procedures that must
9 be followed and reflects the standards that will be applied when a party seeks permission from
10 the Court to file material under seal.

11    1.    All documents, information, or testimony by Deloitte in response to the Deloitte
12 Subpoenas shall constitute Highly Confidential Information and shall be designated as "Highly
13 Confidential – Attorneys' Eyes Only."  All information derived from Highly Confidential
14 Information, including but not limited to extracts, summaries and descriptions of such material,
15 shall be treated as Highly Confidential in accordance with the provisions of the Deloitte
16 Stipulation and Order.

17    2.    The designation of "Highly Confidential" for purposes of the Deloitte Stipulation
18 and Order shall be made in the following manner:

19        a.    In the case of documents (apart from depositions or other pretrial
20 testimony): by affixing the legend "Highly Confidential – Attorneys' Eyes Only" to each page
21 or by affixing the legend "Highly Confidential – Attorneys' Eyes Only" to any disk of
22 documents produced (whereby all documents on the disk will be presumed to be Highly
23 Confidential).

24        b.    In the case of depositions or other pretrial testimony that identifies the
25 specific data contained within the documents identified in Paragraph 2(a) above, by directing
26 the court reporter that the appropriate confidentiality legend be affixed to those portions of the
27 original and all copies of the transcript which identify the specific data contained within the
28

1  documents identified in Paragraph 2(a) above.  The Parties may modify this procedure for any
2  particular deposition, through agreement on the record at such deposition, without further order
3  of the Court.
4       3.      Highly Confidential Information may be provided only to counsel of record for
5  the Parties and, unless otherwise directed by the Court, may be disclosed only to the following
6  persons:
7           a.      Counsel of record to the Parties in the Litigation, and the legal associates,
8  paralegals and clerical or other support staff who are employed by such counsel or its client and
9  are actually involved in assisting in the litigation;
10          b.      The author(s), recipient(s), addressee(s), and person(s) copied with
11 respect to the particular Highly Confidential Material, and their counsel;
12          c.      Experts, tax consultants, or investigators and their staff (collectively,
13 "Experts") retained or consulted by counsel for the Parties to assist in the preparation of the
14 Litigation, in accordance with the terms of Paragraph 5 below;
15          d.      Witnesses testifying under subpoena or by notice;
16          e.      Court reporters, including stenographers and video technicians,
17 transcribing proceedings in the Litigation;
18          f.      Other persons to whom the Court specifically allows disclosure, after
19 written application by the Party seeking such disclosure and an opportunity to reply by the
20 Producing Party or Parties;
21          g.      Any court of competent jurisdiction before which the Litigation is
22 pending;
23          h.      Any mediator agreed upon by the Parties, and such mediator's employees
24 and staff; and
25          i.      Outside copy and computer services personnel for purposes of copying,
26 imaging, or indexing documents.
27
28

4.      Every person given access to Highly Confidential Information or material contained therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of the Deloitte Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of the Deloitte Stipulation and Order.

5.      Highly Confidential Information may be provided to persons listed in paragraph 3(e) above to the extent necessary for such expert, tax consultant or investigator to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert, consultant or investigator is using said Highly Confidential Information solely in connection with this Litigation and provided further that such expert, consultant or investigator signs an undertaking in the form attached as <u>Exhibit A</u> hereto. The original of each such signed undertaking shall be maintained by the counsel providing the Highly Confidential Information to such expert, consultant or investigator.

6.      In the event that counsel for any Party determines to file with the Court any Highly Confidential Information, counsel shall file and serve an Administrative Motion to File Under Seal pursuant to Civil Local Rule 79-5, and shall follow all of the applicable procedures set forth in that Local Rule.  Documents shall be filed under seal only after issuance of a specific order by the Court, for good cause shown.

7.      All Highly Confidential Information and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative or arbitral proceeding.  Any Highly Confidential Information may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court or on appeal, without violation of the Deloitte Stipulation and Order,

5

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING OF HIGHLY CONFIDENTIAL INFORMATION / CASE NO. CV 13-00639 EMC

1/8/14 (28147) #546999.1

1  but Highly Confidential Information shall not lose its status as Highly Confidential Information
2  through such use.  Nothing in the Deloitte Stipulation and Order, however, shall preclude a
3  Party from seeking an appropriate protective order from the Court, should that Party seek to
4  maintain the confidentiality of material used in open court.

5  8. Entering into or agreeing to the Deloitte Stipulation and Order, and/or producing
6  or receiving Highly Confidential Information or otherwise complying with the terms of the
7  Deloitte Stipulation and Order, shall not: (i) constitute a waiver of any privilege by LECG or
8  Deloitte; (ii) prejudice in any way the rights of any Party to object to the production of
9  documents or information it considers not subject to discovery or to object to the authenticity or
10 admissibility into evidence of any document, testimony or other evidence subject to the Deloitte
11 Stipulation and Order; (iii) prejudice in any way the rights of a Party to petition the Court for a
12 further protective order relating to any purportedly Highly Confidential Information; or (iv)
13 prevent the Parties from agreeing to alter or waive the provisions or protections provided for
14 herein with respect to any particular material produced.

15 9. The provisions of the Deloitte Stipulation and Order shall, absent written
16 permission of the Producing Party or further order of the Court, continue to be binding
17 throughout and after the conclusion of the Litigation.  Within 60 business days after receiving
18 notice of entry of an order, judgment or decree finally ending the Litigation, including without
19 limitation any appeals therefrom, all persons having received Highly Confidential Information
20 shall destroy all such Highly Confidential Information and certify that fact to counsel for LECG.
21 Outside counsel for the Parties shall be entitled to retain court papers, deposition and trial
22 transcripts and attorney work product; provided, however, that such outside counsel, and
23 employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the
24 terms of the Deloitte Stipulation and Order.

25 10. The Parties agree to be bound by the terms of the Deloitte Stipulation and Order
26 pending the entry by the Court of the Deloitte Stipulation and Order, or an alternative thereto
27 which is satisfactory to the Parties and the Court, and any violation of the terms of the Deloitte
28

1  Stipulation and Order while entry by the Court is pending shall be subject to the same sanctions
2  and penalties as if the Deloitte Stipulation and Order had been entered by the Court.  Any
3  violation of the terms of this Stipulation and Order shall be punishable by relief deemed
4  appropriate by the Court.

5  Dated: January 8, 2014			FITZGERALD ABBOTT & BEARDSLEY LLP

7				By	/s/ Michael S. Ward
					Michael S. Ward
8					Attorneys for PLAINTIFF AND
					COUNTERDEFENDANT LECG, LLC

10 Dated: January 8, 2014			MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

12				By	/s/ Dean A. Dickie
					Dean A. Dickie
					Attorneys for DEFENDANT AND
13					COUNTERCLAIMANT SANJAY UNNI

15				**ORDER**

16	The above STIPULATION AND PROPOSED ORDER FOR PRODUCTION,
17 EXCHANGE AND FILING OF HIGHLY CONFIDENTIAL INFORMATION is approved for
18 this case and shall govern the handling of documents, depositions, deposition exhibits, and any
19 other information or material produced, served or filed in connection with the Deloitte
20 Subpoenas.

21 IT IS SO ORDERED.

23 Dated:  January 10, 2014

				GRANTED
				/s/ Judge Edward M. Chen
24				Judge Edward M. Chen
25				U.S. District Court, Northern District of California

STIPULATION AND [PROPOSED] ORDER FOR PRODUCTION, EXCHANGE AND FILING
OF HIGHLY CONFIDENTIAL INFORMATION / CASE NO. CV 13-00639 EMC
1/8/14 (28147) #546999.1

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is

_____

_____.

I hereby acknowledge that I may receive information designated as "Highly Confidential – Attorneys' Eyes Only" in connection with the matter of *LECG, LLC v. Sanjay Unni*, Case No. CV 13-00639 EMC, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the Deloitte Stipulation and Order for Production, Exchange, and Filing of Highly Confidential Information entered by the Court in this case on _____; that I have been given a copy of and have read said Deloitte Stipulation and Order; that I am familiar with the terms thereof; that I agree to comply with, and to be bound by the terms thereof; that I agree to hold in confidence any information divulged to me pursuant to the terms of said Deloitte Stipulation and Order; and, to effectuate my compliance with said Deloitte Stipulation and Order, I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California solely for the purpose of enforcing compliance with said Deloitte Stipulation and Order.

I understand that I am to retain all copies of any of the materials that I receive which have been designated as "Highly Confidential – Attorneys' Eyes Only" either electronically or in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until have I have completed my assigned or legal duties, whereupon the copies are to

be returned or destroyed as specified in the Deloitte Stipulation and Order. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by said Deloitte Stipulation and Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms thereof.

      I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signed: _____

_____
(name typed or printed)