Michael S. Ward #178648
Mark A. Delgado #215618
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California  94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email:        mward@fablaw.com
       mdelgado@fablaw.com

EDWARD NOONAN (Admitted Pro Hac Vice)
MARK A. JOHNSTON (Admitted Pro Hac Vice)
SARAH SHYR (Admitted Pro Hac Vice)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, DC  20006
Telephone:  (202) 659-6600
Facsimile:  (202) 659-6699
Email:        enoonan@eckertseamans.com
       mjohnston@eckertseamans.com
       sshyr@eckertseamans.com

Attorneys for PLAINTIFF AND
COUNTERDEFENDANT LECG, LLC


DEAN A. DICKIE (Admitted Pro Hac Vice)
E-mail: Dickie@MillerCanfield.com
KATHLEEN E. KOPPENHOEFER (Admitted Pro Hac Vice)
E-mail: Koppenhoefer@MillerCanfield.com
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street, Suite 2600
Chicago, IL  60606
Telephone:  312.460.4200
Facsimile:  312.460.4288
[*LEAD COUNSEL*]

GEORGE L. HAMPTON IV (State Bar No. 144433)
E-mail: ghampton@hamptonholley.com
COLIN C. HOLLEY (State Bar No. 191999)
E-mail: cholley@hamptonholley.com
HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, CA 92625
Telephone:  949.718.4550
Facsimile:  949.718.4580
[*LOCAL COUNSEL*]

Attorneys for Defendant/Counterclaimant
SANJAY UNNI

Case No. CV 13-00639-EMC
STIPULATION TO RESET DISCOVERY DATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LECG, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SANJAY UNNI, an Individual,<br><br>Defendant. | Case No. CV 13-00639 EMC<br><br>**STIPULATION TO RESET CERTAIN DATES AND EXTEND DISCOVERY** ; ORDER |
| SANJAY UNNI, an Individual,<br><br>Counterclaimant,<br><br>v.<br><br>LECG, LLC, a California limited liability company,<br><br>Counterdefendant. | |

Pursuant to Judge Chen's Standing Order and L.R. 6, the parties hereby file a Stipulation to (1) reset the deadline for initial expert disclosures from February 6 to March 10, (2) extend the non-expert discovery cut-off from February 14 to March 10; (3) extend the date for rebuttal reports from February 27, 2014 to March 31, 2014; (4) extend the date for closure of expert discovery from March 20, 2014 to April 11, 2014; and (5) extend the date for a hearing on dispositive motions from May 1, 2014 to May 19, 2014. The parties do not anticipate that the trial date will be impacted. The purpose of this stipulation is to complete very limited discovery– two fact depositions – the need for which has just come to light, and to provide a new date to disclose expert opinions in light of information learned after the expert disclosure cut-off date.

### A. Background

On September 27, 2013, this Court entered a Scheduling Order, ordering completion of non-expert discovery by, and submission of opening expert reports on, February 6, 2014. [Dckt. 40] Expert discovery cut-off was set for March 20, 2014. *Id.* On January 11, 2014, the parties filed a stipulation to extend the non-expert discovery cut-off date from February 6, 2014 to February 14, 2014 to accommodate time constraints for deposition schedules for three fact witnesses. [Dckt. 49] This Court entered an order approving the stipulated request on January 13, 2014 [Dckt. 50], and the parties timely completed the required fact witness depositions on February 11, 2014. On February 10, 2014, Dr. Unni received, from a third party, certain subpoenaed documents, which he asserts are highly relevant to his claims and defenses. The parties were previously informed that documents responsive to the subpoena could not be located. Dr. Unni asserts that the documents contain information critical to the formation of an expert opinion and without that information, Dr. Unni's expert could not provide a complete opinion.

### 1. Production of Deloitte & Touche ("Deloitte") Documents

Dr. Unni asserts that an important issue in the instant matter is the tax treatment of certain monies Dr. Unni received while employed with Defendant LECG. Dr. Unni asserted defenses and counterclaims related to this topic and sought discovery on the issue. On September 23, 2013, Dr. Unni served a subpoena on Deloitte & Touche, identified as LECG's accountants, for documents relating to corporate salary and board expense deductions for fiscal years 2007 and 2008, the two years that Dr. Unni received the payments at issue. Though Deloitte did not provide formal Rule 45 objections to the subpoena, on October 4, 2013, it sent a letter outlining reasons why it would not produce responsive documents. The parties attempted to meet and confer to resolve these issues, but after counsel for Dr. Unni and counsel for Deloitte were unable to connect after several attempts by both sides, the documents were sought from LECG. On November 12, 2013, Dr. Unni served his

HAMPTONHOLLEY LLP
2101 East Coast Highway, Suite 260
Corona del Mar, California 92625

Second Request for Production of Documents seeking this information. LECG served timely objections to the request. The parties met and conferred on December 17, 2013 and on Monday, December 23, 2013, LECG reported that it searched for, but could not locate, responsive documents. Counsel for Dr. Unni then re-commenced efforts to obtain the documents from Deloitte and, to that end, on December 30, 2013: (a) had an initial meet and confer with Deloitte and (b) issued a second subpoena for an oral deposition and production of documents. Between December 30 and January 26, counsel for Dr. Unni, LECG and Deloitte engaged in email and telephone communications regarding the existence and location of responsive documents and/or a deponent. On January 27, 2014, Deloitte's counsel confirmed by email that no documents responsive to the subpoena had been found and therefore Deloitte would not produce a witness for the scheduled January 29, 2014 deposition date.

    Dr. Unni asserts that on February 6, 2014, the date that expert disclosures were required to be made, and unbeknownst to counsel for Dr. Unni, counsel for Deloitte placed responsive documents in the U.S. mail and that, on February 10, 2014, Dr. Unni received the Deloitte tax documents. Dr. Unni asserts that the documents reflect what appear to be spreadsheets containing relevant information, but formatted in an unreadable fashion. The parties conducted a meet and confer on February 12, 2014 and Dr. Unni's counsel is currently awaiting a response regarding Deloitte's capability to produce the documents in a usable format.

    Dr. Unni asserts that he has retained an expert to opine on the impact of the tax treatment of payments made to Dr. Unni and that opinion is dependent on the information contained and identified within these documents. Without the information contained within the documents, Dr. Unni asserts that his expert was unable to form a complete opinion and thus no opinion was disclosed on February 6. Additionally, Dr. Unni seeks to take the deposition of Deloitte to ascertain information regarding the documents.

### 2. Identification of Additional Witness Carol Kerr

On February 11, 2014, the deposition of LECG's Rule 30(b)(6) corporate representative, Ms. Jan Call, took place. Dr. Unni asserts that until that deposition, he did not understand that Ms. Carol Kerr (now known as Carol Osborn) had specific knowledge and information regarding the tax treatment of the bonus monies at issue in this matter. Thus, Dr. Unni seeks to depose Ms. Kerr.

### B. Prior Requests for Extension

The parties have sought and received one extension of time in this manner to extend non-expert discovery by one week to complete certain depositions, and those depositions have been completed.

### C. Requested Dates

As such, the parties stipulate to and request that the Scheduling Order in this matter be modified as follows:

(1) reset the deadline for initial expert disclosures from February 6 to March 10, to allow sufficient time (a) for Deloitte to provide the documents in a usable form; (b) for Dr. Unni to depose Deloitte's person most knowledgeable regarding the documents and (c) to then disclose their expert report;

(2) extend the non-expert discovery cut-off from February 14 to March 10 to allow for the completion of the Deloitte deposition, and to allow Dr. Unni to depose Ms. Kerr;

(3) extend the date for rebuttal reports from February 27, 2014 to March 31, 2014;

(4) extend the date for closure of expert discovery from March 20, 2014 to April 11, 2014; and

(5) extend the date for hearing on dispositive motions from May 1, 2014 to May 15, 2014.

The parties do not believe that this will impact the trial date currently set in this matter.

| | |
|---|---|
| Dated: February 13, 2014 | Dean A. Dickie (appearing Pro Hac Vice)<br>Kathleen E. Koppenhoefer (appearing Pro Hac Vice)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br><br>George L. Hampton IV (State Bar No. 144433)<br>Colin C. Holley (State Bar No. 191999)<br>HAMPTONHOLLEY LLP<br><br>By:  /s/Dean A. Dickie<br>       Attorneys for Defendant and Counterclaimant Sanjay Unni |
| Dated: February 13, 2014 | Edward Noonan (appearing Pro Hac Vice)<br>Mark A. Johnston (appearing Pro Hac Vice)<br>Sarah Shyr (appearing Pro Hac Vice)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br><br>By:  /s/ Edward Noonan<br>       Attorneys for Plaintiff and Counterdefendant LECG, LLC |

IT IS SO ORDERED.

_____
Edward M. Chen
U.S. District Judge

[Stamp: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Edward M. Chen]